## THE CORNELL (two cases). THE BURLINGTON SOCONY. THE SOCONY NO. 117.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

Nos. 73–75.

**1. Collision ☞125.**

Where, in collision case, fault of one party is gross and unescapable, contributing fault of other party must be proved by clear and convincing preponderance of evidence.

**2. Salvage ☞29.**

In awarding salvage, apprehension of danger on part of those originally in charge of salved property should be considered in determining quantum of salvage.

**3. Salvage ☞51—To justify reversal, award of salvage must have been based on clear mistake, violation of just principles, or departure from authority; that reviewing court would have granted less relief is insufficient.**

To justify reversal award of salvage must have been based on clear and palpable mistake, violation of just principles, or departure from path of authority, and mere fact that reviewing court would not have granted so much salvage as that awarded is insufficient.

Appeals from the District Court of the United States for the Eastern District of New York.

Libels by the McAllister Towing & Transportation Company, Inc., against the steam tug Cornell (the Lehigh Valley Railroad Company of New Jersey, claimant), the motor barge Burlington Socony and the barge Socony No. 117 (the Standard Transportation Company, claimant); and by the

said claimants against the vessels of each other. From an adverse decree in each case, the Lehigh Valley Railroad Company appeals. Affirmed.

William F. Purdy, of New York City, for McAllister Towing & Transportation Co., Inc.

Foley & Martin, of New York City, for the Cornell and another.

Paul Speer, Pierre M. Brown and Macklin, Brown, Lenahan & Speer, all of New York City, for the Burlington Socony and Socony No. 117.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. A recital of the facts does not seem necessary. We recognize the following propositions of law:

[1] 1. Where, in a collision case, the fault of one party is gross and unescapable, the alleged contributing fault of any other party must be proven by a clear and convincing preponderance of evidence.

[2] 2. In awarding salvage, the state of mind—i. e., the apprehension of danger on the part of those originally in charge of the salved property—is a fair subject of consideration in determining the quantum of salvage.

[3] 3. The mere fact that the reviewing court would not have granted so much salvage as that awarded by the trial court is not ground for reversal. The award complained of, to justify interference, must have been based upon a clear and palpable mistake, a violation of just principles, or a departure from the path of authority.

Applying these considerations to the facts found below results in an affirmance, with costs of the decrees appealed from.